# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHEM, INC. | No. 17-MC-57 |
| Plaintiff, | |
| vs. | **STIPULATION FOR PROTECTIVE ORDER FOR RECIPIENT OF THIRD-PARTY SUBPOENA, PRIME THERAPEUTICS LLC** |
| EXPRESS SCRIPTS, INC. | |
| Defendant, | |
| and | |
| PRIME THERAPEUTICS LLC | |
| Recipient of Third-Party Subpoena. | |

Plaintiff Anthem, Inc. ("Anthem") and Defendant Express Scripts, Inc. ("ESI" together with Anthem, "the Parties" and each individually a "Party") are parties to a civil action pending in the U.S. District Court for the Southern District of New York ("Issuing Court"), case file no. 16 Civ. 2048, Hon. Edgardo Ramos, presiding (the "Action").  ESI served non-party Prime Therapeutics LLC ("Prime," and together with the Parties, the "Signatories") with a subpoena dated July 11, 2017, for production of certain documents (the "Subpoena").  Pursuant to Federal Rule of Civil Procedure 45, this Court is the court of compliance for the Subpoena.  The Signatories hereby jointly move this Court to enter the following Stipulation for Protective Order for Recipient of Third-Party Subpoena, Prime Therapeutics LLC ("Order").

## RECITALS

WHEREAS, the Parties have sought or may seek Discovery Material (as defined below) in connection with the Action, including through document requests, subpoenas, interrogatories, depositions, or other discovery requests (collectively, "Discovery Requests"), as provided by the

Federal Rules of Civil Procedure (the "Federal Rules"), and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules");

WHEREAS, Prime requested that the Signatories enter into a Stipulation for Protective Order with respect to any documents or information that Prime will produce in response to the Subpoena;

WHEREAS, pursuant to Fed. R. Civ. P. 45, the Signatories agree that the court of compliance for the Subpoena is the U.S. District Court for the District of Minnesota;

WHEREAS, the Signatories agree that this Order shall apply solely to the designation and treatment of documents and information produced by Prime pursuant to the Subpoena, and shall not affect the Confidentiality Agreement and Protective Order between ESI and Anthem, entered by the U.S. District Court for the Southern District of New York in the Action as of December 8, 2016;

NOW, THEREFORE, in consideration of the mutual covenants and premises set forth herein, the receipt and sufficiency of which are hereby acknowledged, and to facilitate and expedite the production, exchange, and treatment of Discovery Material, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that Prime seeks to maintain as confidential, the Signatories stipulate and agree as follows:

1.      The Signatories shall submit this Order to the Court for approval.

2.      The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material produced and designated as "Confidential," "Highly Confidential," or "Confidential Health Information" prior to the entry of this Order by the Court shall be subject to, and governed by, the provisions of this Order as though it had been entered by the Court prior to such designation.

3.      All deadlines stated herein shall be computed pursuant to Rule 6 of the Federal Rules.

## **SCOPE OF ORDER**

4.      This Order applies to all information, documents, and things exchanged in or subject to discovery that are produced or otherwise provided in the Action by Prime to any Party or other non-Party (each a "Receiving Person"), in response to or in connection with any Discovery Requests, including, without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, documents, information and other things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material").

5.      [Intentionally omitted.]

6.      This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules").  This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

## DESIGNATING DISCOVERY MATERIAL

8.      Prime may designate Discovery Material as "Confidential Material," "Highly Confidential Material," or "Confidential Health Information" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

a       Confidential Material:   Prime may designate Discovery Material as "Confidential" if Prime believes in good faith that such Discovery Material constitutes or includes information that is not generally available to the public and that Prime would not want to be made public in the ordinary course of its activities, including, without limitation, (i) information concerning or relating to Prime's assets, liabilities, business operations, performance, structure, business practices, business plans, business ventures, intellectual property and trade secrets, financial projections, and financial and business analyses, and compilations, summaries, reproductions, and other documents and studies using in whole or in part the foregoing, commercially sensitive information, personal information, including compensation information about Prime's employees unless publicly disclosed, and information related to Prime's contractual relationships; (ii) information that is subject by law or by contract to a legally protected right of privacy; (iii) information that Prime is under a preexisting obligation to a third-party to treat as confidential; and (iv) information that Prime has in good faith been requested by a Party or other non-Party to so designate on the grounds that such Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or other non-Party.  Any Discovery Material so designated shall constitute Confidential Material.

b       Highly Confidential Material:  Prime may designate Discovery Material as "Highly Confidential" if Prime believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that disclosure to persons other than those listed in Paragraph 15 would create a substantial risk of economic injury that could not be avoided by less restrictive means, such as trade secrets, pricing proposals, projections, or agreements with third parties; financial projections or modeling; product or services development or proposals to third parties; or profit and sales figures.  Any Discovery Material so designated shall constitute Highly Confidential Material.

c       Confidential Health Information:   Prime may designate Discovery Material as "Confidential Health Information" if Prime believes in good faith that such Discovery Material constitutes or includes information that is of a protected nature under state and federal law and such protection is necessary to protect the privacy of the patient/insured/member.  The

2550281.v1

Signatories desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Signatories have determined might contain sensitive personal health information.   Confidential Health Information is intended to encompass any patient health information protected by state or federal law, including but not limited to "Protected Health Information" as defined below.   Any Discovery Material so designated shall constitute Confidential Health Information.

(i)    <u>Protected Health Information</u>:   Protected Health Information, as used herein, has the same scope and definition as set forth in 45 C.F.R. § 160.103.  Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to:  the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual.   It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from Protected Health Information, regardless of form or format.  Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member, to the extent it is linked to Protected Health Information as defined in 45 C.F.R § 160.103:

    1.    Names;

    2.    All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    3.    All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    4.    Telephone numbers;

    5.    Fax numbers;

    6.    Electronic mail addresses;

    7.    Social security numbers;

2550281.v1

8.    Medical record numbers;

9.    Health plan beneficiary numbers;

10.    Account numbers;

11.    Certificate/license numbers;

12.    Vehicle identifiers and serial numbers, including license plate numbers;

13.    Device identifiers and serial numbers;

14.    Web universal resource locators ("URLs");

15.    Internet protocol ("IP") address numbers;

16.    Biometric identifiers, including finger and voice prints;

17.    Full face photographic images and any comparable images;

18.    Any other unique identifying number, characteristic, or code; and

19.    Any other identification that Prime knows could be used alone or in combination with other information to identify an individual who is subject of the information.

(ii)    Confidential Health Information does not include any document or information in which Prime has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information.  Prime may, but is not required to, perform such redactions before producing documents that originally contained Confidential Health Information.

(iii)    <u>Safeguards for Confidential Health Information</u>:  The Signatories also seek to ensure that any person who receives and stores Confidential Health Information in connection with the Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information they may receive from any person in connection with this Action.  At a minimum, all Signatories and persons or entities who might receive Confidential Health Information agree that they will (1) comply with the Privacy and

2550281.v1

Security Rules; (2) establish contractual controls that require any vendors, experts, or third parties that might receive Confidential Health Information to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules.  Confidential Health Information will be securely returned or destroyed pursuant to the provisions of Paragraph 33 below.

9.      <u>Undesignated Material</u>:  Subject to the rights and obligations of the Signatories under Paragraphs 11, 12, and 26 of this Order, no Signatory shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material (such Discovery Material, "<u>Undesignated Material</u>").

10.      <u>Manner of Designation</u>:  Where reasonably practicable, any Designated Material shall be designated by Prime as such by marking every such page "Confidential," "Highly Confidential," or "Confidential Health Information," as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such material is not reasonably practicable, such as with certain native file documents, Prime may designate material as "Confidential," "Highly Confidential," or "Confidential Health Information" by informing the Receiving Person in writing in a clear and conspicuous manner at the time of production of such material that such material is designated as "Confidential," "Highly Confidential," or "Confidential Health Information."

11.      <u>Inadvertent Failure To Designate</u>:  Prime's failure to designate any Discovery Material as "Confidential," "Highly Confidential," or "Confidential Health Information" shall not be deemed a waiver of Prime's later claim that such Discovery Material should be Designated Material or is entitled to another designation pursuant to this Order ("<u>Misdesignated Material</u>") at any time thereafter.  Upon Prime's identification of such Misdesignated Material to the Receiving Person, arrangement will be made for the destruction of the Misdesignated

Material or for the return to Prime of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly designated copies of such Discovery Material.  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Person(s) shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  Upon Prime's identification of such Misdesignated Material to the Receiving Person, pending the provision of such replacement copies, the Receiving Person shall treat the Misdesignated Material as if it were Designated Material in accordance with the request of Prime, provided that Prime provides such replacement copies within 10 business days of the identification of the Misdesignated Material.  If requested by Prime, a Receiving Person shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.

12.     To the extent that Prime has produced Discovery Material pursuant to an informal confidentiality agreement pending the entry of this Order, Prime shall have thirty (30) days to re-designate such material in compliance with this Order.

### USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL, HIGHLY CONFIDENTIAL MATERIAL, OR CONFIDENTIAL HEALTH INFORMATION

13.     General Limitations On Use And Disclosure Of All Discovery Material:  All Discovery Material, whether Designated or Undesignated Material, shall be used or disclosed by the Receiving Persons solely for the purposes of this Action (including the Parties' consideration of this Action) and in any judicial proceedings relating to this Action, and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and shall not be used or disclosed for any other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

14.   <u>Confidential Material</u>:  Confidential Material, and any and all information contained therein, shall be given, shown, made available, or communicated only to the following:

      a.     Employees of Anthem or ESI to whom disclosure is reasonably necessary for the prosecution or defense of this Action,

      b.     In-house counsel for Anthem or ESI and staff working under the express direction of such counsel;

      c.     Outside counsel retained by Anthem or ESI for this Action and staff of such outside counsel;

      d.     Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically retained by the signatories to this Order as consultants or experts in this Action, and who have signed a Declaration in the form provided as Exhibit A;

      e.     Any other person or entity to whom disclosure is reasonably necessary for the prosecution or defense of this Action, with respect to whom Prime has consented in writing (which consent shall not be unreasonably withheld), and who has signed a Declaration in the form provided as Exhibit A hereto; and

      f.     Any other persons specified in Paragraph 15 below.

15.   <u>Highly Confidential Material</u>:  Highly Confidential Material, and any and all information contained therein, shall be given, shown, made available, or communicated only to the following:

      a.     Outside counsel retained by Anthem or ESI for this Action and staff of such outside counsel;

      b.     Outside experts and outside consultants (and their respective staff) that are specifically retained by the signatories to this Order as consultants or experts in this Action, and who have signed a Declaration in the form provided as Exhibit A;

      c.     Any person who is the author, addressee, or intended recipient of the document;

      d.     A deponent or witness who was noticed for a deposition or is on a witness list for hearing or trial, in preparation for his or her noticed deposition,

hearing, or trial testimony who does not qualify under Section 15(c) only where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony.

Such Highly Confidential Material shall only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Highly Confidential Material and shall be required to sign a Declaration in the form provided as Exhibit A;

e.     Any witness during the course of a deposition who does not qualify under Section 15(c) only where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony;

f.     Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with this Action;

g.     Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action; and

h.     This Court, the Issuing Court, their officers and clerical staff in any judicial proceeding that may result from this Action.

15A.   <u>Notice Obligations for Disclosure Of Highly Confidential Material</u>:  A Receiving Party shall notify Prime in writing no fewer than three (3) days before disclosing Highly Confidential Material to any individual employed by ESI or another competitor or potential competitor to Prime.  The Receiving Person shall disclose the identity of the individual to whom it wishes to disclose the Highly Confidential information and the Bates numbers of the specific documents it wishes to disclose.

16.   <u>Confidential Health Information</u>:  Confidential Health Information, and any and all information contained therein, shall be given, shown, made available, or communicated only to the following:

a.     In-house counsel for Anthem or ESI and staff working under the express direction of such counsel;

b.    Outside counsel retained by Anthem or ESI for this Action and of such outside counsel;

c.    Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically retained by ESI or Anthem as consultants or experts in this Action, and who have signed a Declaration in the form provided as Exhibit A;

d.    Any person who is the author, addressee, or intended recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or who is specifically identified in the document, or whose conduct is purported to be specifically identified in the document;

e.    Outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors/contract review attorneys, trial/jury consultants), as necessary for use in connection with this Action;

f.    Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

g.    This Court, the Issuing Court, their officers and clerical staff in any judicial proceeding that may result from this Action; and

h.    Any other person or entity to whom disclosure is reasonably necessary for the prosecution or defense of this Action, with respect to whom Prime has consented in writing (which consent shall not be unreasonably withheld), and who has signed a Declaration in the form provided as Exhibit A hereto. Notwithstanding the previous sentence, it shall not be considered unreasonable for Prime to withhold consent in writing to disclosure to individuals employed by its competitors, including but not limited to ESI, a party to this Action.

17.    <u>Designated Material To Be Disclosed Only In Accordance With Paragraphs 14 15, and 16</u>: Subject to Paragraph 35 herein, (i) Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people set forth in Paragraph 14 herein, (ii) Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people set forth in Paragraph 15 herein, and (iii) Confidential Health Information, and any and all information

contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people set forth in Paragraph 16 herein.

18.     <u>Prerequisite To Disclosure Of Designated Material</u>:  Designated Material shall not be disclosed to any person required hereunder to execute a Declaration in order to receive Designated Material until such person or their representative shall be provided with a copy of this Order and shalt execute a Declaration, in the form provided as <u>Exhibit A</u> hereto.  Each such Declaration shall be retained in the files of counsel for the Party who has given such access to the Designated Material.  Such executed Declaration shall not be subject to disclosure under the Federal Rules unless a showing of good cause is made and the Issuing Court so orders it.

19.     <u>Use Of Discovery Material In Open Court</u>:  Designated Material under this Order, and all information contained therein or derived from, may be used, disclosed, or offered into evidence by any Party (the "<u>Disclosing Party</u>") at trial of this Action or any hearing held in open court, provided that:  (a) prior to the use or disclosure of any Designated Material at trial or any hearing, counsel for the Disclosing Party shall meet and confer in good faith with Prime, together with any other Party who has expressed interest in participating in such meet and confer to discuss ways to redact the Designated Material so that the material may be offered or otherwise used or disclosed by any Party, in accordance with the provisions of the Federal Rules and the Federal Rules of Evidence, and (b) if Prime and the Parties are unable to resolve a dispute related to such Designated Material, reasonable advance notice shall be given to permit Prime to request additional protections or relief from the Issuing Court.

## **DEPOSITIONS**

20.     <u>Deposition Testimony - Manner Of Designation</u>:  In the case of depositions, if counsel for Prime, a Party, or other non-Party believes that a portion of the testimony given at a

deposition should be Designated Material of Prime, or such Party or other non-Party, such testimony may be designated as appropriate by:

a.      Stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated; or

b.      Providing written notice within fourteen (14) days of Prime's, the Party's or other non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript is so designated.   Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 24 herein.   Until expiration of the aforesaid fourteen (14) day period, as applicable, following receipt of the transcript by Prime, the Parties or other non-Parties, all deposition transcripts shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition.

If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript.  In the event that counsel for a Party or other non-Party makes reference to or use of exhibits designated as Highly Confidential Material during the deposition, the transcript should be considered and treated as Highly Confidential Material in its entirety, until such time as Prime is provided with a copy of the transcript and given fourteen (14) days to designate those portions of the transcript relating to Prime's Highly Confidential Material as Highly Confidential.

21.     <u>Designated Material Used As Exhibits During Depositions</u>:    Nothing in Paragraph 20 herein shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

22.     <u>Witness Review Of Deposition Testimony</u>:  Nothing in Paragraph 20 herein shall preclude the witness from reviewing his or her deposition transcript.

23.     <u>Presence Of Certain Persons During Designated Deposition Testimony</u>:  When Designated Material is elicited or otherwise disclosed or used during a deposition, persons not

entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

For the avoidance of doubt, only outside counsel for Anthem and ESI, staff of such counsel, the official before whom the deposition is being taken, any official videographer, and the witness may be present when Highly Confidential Material is elicited or otherwise disclosed or used during a deposition.

24.    <u>Responsibilities And Obligations Of Court Reporters</u>:  In the event that testimony is designated as Confidential, Highly Confidential, or Confidential Health Information, the court reporter, who shall first have agreed to abide by the terms of this Paragraph, shall be instructed to include on the cover page of each such transcript the legend:  "This transcript portion contains information subject to a Protective Order and shall be used or disclosed only in accordance therewith" and each page of the transcript shall include the legend "Confidential," "Highly Confidential," or "Confidential Health Information," as appropriate.   If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential," "Highly Confidential," or "Confidential Health Information," as appropriate, if any portion of the transcript itself is so designated.

<b><u>GENERAL PROVISIONS</u></b>

25.    Nothing contained herein shall be deemed a waiver or relinquishment by Prime, any Party, or any other non-Party of any objection, including, but not limited to, any objection concerning the confidential or proprietary nature of any documents, information, or data produced by Prime, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

14

26.   <u>Late Designation Of Discovery Material</u>:   Under Paragraph 11 herein, the failure to designate particular Discovery Material as "Confidential," "Highly Confidential, "or "Confidential Health Information" at the time of production shall not operate to waive Prime's right to later so designate such Discovery Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; *provided*, *however*, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of Prime.

27.   <u>Unauthorized Disclosure Of Designated Material</u>:   In the event of a disclosure by a Receiving Person of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Person making the unauthorized disclosure shall, upon learning of the disclosure:  (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use or disclosure by the person or entity to whom the disclosure was made; and (iii) immediately notify Prime of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use or disclosure thereof.  Disclosure of Designated Material other than in accordance with the

terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

28.   <u>Manner Of Objecting To Designated Material</u>:   If any Receiving Person (i) objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony) or (ii) seeks to disclose Highly Confidential Material to a person not specified in Paragraph 15 because outside counsel for the Receiving Person has determined, in good faith, that such disclosure is necessary for the prosecution or defense of this Action, the Receiving Person shall first raise the objection (the "<u>Objection</u>") or request for disclosure (the "<u>Request for Disclosure</u>") with Prime in writing (the "<u>Notice</u>") and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.   In the case of a Request for Disclosure, the Receiving Person shall furnish to outside counsel for Prime, in writing, the identity of the person to whom disclosure is to be made (the "<u>Noticed Person</u>") and the Highly Confidential Material proposed to be disclosed.   No designation shall be changed and no Highly Confidential Material shall be disclosed to the Noticed Person until after the expiration of a seven (7) day period commencing upon the date of the Notice.   If, within seven (7) days of the date of the Notice, Prime objects in writing and with an explanation of the basis for such objection, Prime and Requesting Party shall then have three (3) additional days after an objection is raised to use good faith efforts to reach an agreement regarding the challenged designation or proposed disclosure.   If agreement cannot be reached, the Receiving Party may apply to the Court for relief within five (5) days after the expiration of the above referenced seven (7) day period.   Until the Court rules on such issue or Prime agrees in writing to withdraw the challenged designation or allow disclosure to the Noticed Person, the Designated Material shall continue to be treated as designated.   Upon

motion, the Court may order the removal of the "Confidential," "Highly Confidential," or "Confidential Health Information" designation from any Discovery Material so designated subject to the provisions of this Order.  With respect to any material that ceases to be designated "Confidential," "Highly Confidential," or "Confidential Health Information," Prime shall, at its expense, provide to each Party to whom the material has been provided additional copies of such material with the challenged confidentiality designations removed.

29.     <u>Timing Of Objections To Designated Material</u>:  A Receiving Person shall not be obliged to challenge the propriety of a confidentiality designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by Prime of Discovery Materials as "Confidential," "Highly Confidential," or "Confidential Health Information" during the discovery period shall not be a waiver of that Person's right to object to the designation at trial.

30.     <u>Inadvertent Production Of Privileged Discovery Material</u>:  If Discovery Material subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege is nevertheless inadvertently produced by Prime, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Discovery Material is privileged or otherwise protected from disclosure; and the Receiving Person may not argue that the party producing the protected information failed to take reasonable steps to prevent production of the privileged materials in support of an argument that any privilege has been waived.  If Prime discovers through any means that it has inadvertently produced materials that are subject to a good faith claim of privilege, Prime may provide written notice to the Receiving Person that the material was

inadvertently produced, which notice shall include a statement of the basis for Prime's contention that the material is privileged. This written notice shall be deemed to comply with Prime's obligation to take reasonable steps to rectify disclosure pursuant to Federal Rule of Evidence 502(b)(3), and the Signatories hereby incorporate the procedures and protections of Federal Rule of Evidence 502. If a claim of inadvertent production is made pursuant to this paragraph by Prime with respect to Discovery Material then in custody of the Receiving Person, the Receiving Person shall promptly return to Prime that Discovery Material (and all copies thereof) within its possession, custody, or control as to which the claim of inadvertent privilege has been made. In addition, the Receiving Person shall destroy all notes or work product reflecting the contents of such Discovery Material made after notification of the claim of inadvertent production, and shall not use such Discovery Material, or the information contained therein, for any purpose in this Action or in any other proceeding; *provided that*, in the event the Receiving Person objects to any such privilege claim, counsel for the Receiving Person shall he permitted, in lieu of destroying any notes or work product reflecting the contents of such Discovery Material, to set aside such materials in a secure place and manner that prevents (or, if applicable, redact such materials in a manner that prevents) the purportedly privileged information from being further disclosed or reviewed until the Receiving Person and Prime resolve the privilege claim or the Court issues a ruling on the privilege claim. Nothing in this paragraph shall increase or diminish the rights of a Party or non-Party to contest, or change the manner in which such Party or non-Party may contest, any privilege claim to the extent and in the manner permitted by law. Pursuant to Federal Rule of Evidence 502(d), the provisions of this paragraph shall apply in this case, as well as in any other Federal or State proceeding.

31.   <u>Use Of Non-Confidential Material</u>:   To the extent that any Party has any document or information that (i) either is or becomes generally or publicly available and that did not become generally or publicly available by being disclosed by the Receiving Person in breach of this Order; (ii) was available or became available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) was independently developed by such Party without violating its obligations hereunder; (iv) is published or became publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party; (v) Prime notifies the Receiving Person in writing is not Confidential Material, Highly Confidential Material, or Confidential Health Information; or (vi) is determined by a court of competent jurisdiction to not be entitled to the protections of Confidential Material, Highly Confidential Material, or Confidential Health Information (collectively "<u>Non-Confidential Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Confidential Material in a deposition, hearing, trial, or otherwise in connection with this Action.   Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to this Action.

32.   <u>Designated Material Filed With The Court</u>:   In filing materials containing Confidential.  Highly Confidential, or Confidential Health Information with the Issuing Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential, Highly Confidential, or Confidential Health Information ("Confidential Court Submission"), the Parties shall seek the Issuing Court's permission to make such filing under seal, consistent with the Issuing Court's rules and procedures, and publicly file a redacted copy of the Confidential Court

Submission via the Electronic Case Filing System.  The parties shall serve the Issuing Court; opposing counsel; and outside counsel for Prime, if the filings contain or reference Designated Material produced by Prime, with unredacted courtesy copies of the Confidential Court Submission.

33.  Obligations Following Conclusion Of This Action:  The provisions of this Order shall continue with respect to any Confidential, Highly Confidential, and Confidential Health Information until expressly released by Prime and shall survive the conclusion of this Action. Within ninety (90) days of the conclusion of this Action, including all appeals as to all Parties, all Parties and non-Parties shall take all commercially reasonable steps to return to counsel for Prime, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any person, except that (i) counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and (ii) a Receiving Person may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory record keeping purposes; *provided*, *however*, that such retained documents shall continue to be treated as provided in this Order and counsel's retention of such attorney work product is in compliance with the Privacy and Security Rules (e.g., does not contain any Protected Health Information). Whether the Confidential Health Information is returned or destroyed or deleted, the Receiving Person must submit a written certification to Prime that (1) identifies (by category, where appropriate) all the Confidential Health Information that was returned, destroyed, or deleted, and (2) affirms that the Receiving Person has not retained any hard and electronic copies, abstracts, derivations, compilations, summaries, or any other format reproducing or capturing any of the

20

Confidential Health information.  For other categories of Designated Material, if a Receiving Person chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Person shall verify such destruction in writing to counsel for Prime.  For purposes of this Order, the "conclusion of this Action" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, and reviews, if any, of this proceeding (excluding any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court); or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.  Any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court will be considered after the conclusion of this proceeding.  Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

    34.    <u>Amendment Of Stipulation for Protective Order</u>:  This Order may be altered or modified only by written agreement of the Signatories or by order of the Court.  Each of the Signatories expressly reserves its right to seek further amendment to this Order to the extent that Prime determines that information requires additional, different, or heightened protection.

    35.    <u>Disclosure Of Designated Material In Other Proceedings</u>:  If a Receiving Person receives a request from a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction ("Requesting Party") for the production of

Designated Material pursuant to a valid law, rule, regulation, or court order, the Receiving Person must notify Prime of the request within three (3) business days of any such request and the Receiving Person's deadline to object to the request so that Prime may object.  Such notification shall include a copy of the subpoena or court order.  The Receiving Person must promptly notify in writing the Requesting Party that some or all of the material covered by the subpoena or order is subject to this Order.  If Prime objects to the Receiving Person within seven (7) days of receiving its notice, the Receiving Person served with the subpoena or court order must object to producing documents on the basis of this Order and shall not produce any information designated in this Action as "Confidential," "Highly Confidential," or "Confidential Health Information," unless the Receiving Person is required to do so by a court order that specifically references this Order or Prime withdraws its objection.  The Requesting Party may serve Prime with a direct demand, such as a subpoena pursuant to Fed. R. Civ. P. 45, requesting the Designated Material and Prime may assert its objection(s) in conformity with the procedures applicable to the direct demand.  Notwithstanding the foregoing, no Receiving Person shall be obligated to provide Prime any notice of any anticipated disclosure if such notice is prohibited by law.

36.    [Intentionally omitted.]

37.    <u>Use Of Designated Material By Prime</u>:  Nothing in this Order (i) affects the right of Prime to use or disclose its own Designated Material in any way or (ii) prevents the disclosure of Designated Material by any Party with the express written consent of Prime.

38.    <u>Objections To Discovery</u>:  Nothing in this Order shall be deemed to prevent Prime, a Party, or any other non-Party from objecting to discovery or seeking additional or further limitations on the use or disclosure of information in discovery.

2550281.v1

39.     <u>Obligations Of Signatories</u>:   Nothing herein shall relieve a Signatory of its obligations under the Federal Rules, the Local Rules, or any future stipulations and orders.

40.     <u>Advice Of Counsel</u>:   Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their respective clients in connection with the Action, and in the course thereof, relying on examination of Designated Material; *provided*, *however*, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

41.     <u>Prior Agreements</u>:   The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.

42.     <u>Severability</u>:   To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

43.     <u>Enforcement</u>:   The provisions of this Order constitute an Order of this Court, and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.

44.     <u>Authority</u>:   By signing below, the Signatory represents that he or she has the authority to sign this Order on behalf of the party indicated below and bind it to the terms of this Order.

45.     <u>Notice</u>:   Whenever notice is required or permitted to be given to Prime by a Receiving Party pursuant to any provision of this Order, notice shall be sent via electronic mail to all of the following addresses: suzette.schommer@primetherapeutics.com, jthompson@primetherapeutics.com,  bryan.huffman@primetherapeutics.com,

lucke.steve@dorsey.com, stilson.jaime@dorsey.com, kappelman.ben@dorsey.com,

stark.mary.jo@dorsey.com, wolfe.susan@dorsey.com, kelly.laurie@dorsey.com,

shaw.gail@dorsey.com.  Any notice that triggers a deadline for response pursuant to any

provision of this Order shall conspicuously indicate the deadline.  This mechanism for notice is

in addition to, and not in lieu of, any other mechanism of notice required by Court rule or

applicable law.

Dated:     November 8, 2017                                    DORSEY & WHITNEY LLP


                                                              By   _/s/  Jamie Stilson_____
                                                                    Jaime Stilson
                                                                    stilson.jaime@dorsey.com
                                                                    Ben D. Kappelman
                                                                    kappelman.ben@dorsey.com
                                                                    Suite 1500, 50 South Sixth Street
                                                                    Minneapolis, MN 55402-1498
                                                                    Telephone:  (612) 340-2600
                                                                    Facsimile:  (612) 340-2868

                                                                    *Attorneys for Prime Therapeutics LLC*


Dated:     November 8, 2017                                    WHITE & CASE LLP


                                                              By   _/s/  Glenn M. Kurtz_____
                                                                    Glenn M. Kurtz
                                                                    gkurtz@whitecase.com
                                                                    Claudine Columbres
                                                                    ccolumbres@whitecase.com
                                                                    Robert Tiedemann
                                                                    rtiedemann@whitecase.com
                                                                    1221 Avenue of the Americas
                                                                    New York, NY 10020-1095
                                                                    Telephone:  (212) 819-8200
                                                                    Facsimile:  (212) 354-8113

                                                                    *Attorneys for Plaintiff and Counter*
                                                                    *Defendant Anthem, Inc.*

2550281.v1

Dated:    November 8, 2017                     FELHABER LARSON


By:    _/s/  Scott D. Blake_____
        Donald G. Heeman, #286023
        Jessica J. Nelson, #347358
        Scott D. Blake, #395862
        220 South Sixth Street, Suite 2200
        Minneapolis, MN  55402-4504
        Telephone: (612) 339-6321
        Facsimile:  (612) 338-0535
        dheeman@felhaber.com
        jnelson@felhaber.com
        sblake@felhaber.com

        QUINN EMANUEL URQUHART &
        SULLIVAN, LLP
        Michael Lyle
        777 Sixth Street NW, 11th Floor
        Washington, DC 20001
        Telephone:  (202) 538-8000
        Facsimile:  (202) 538-8100
        mikelyle@quinnemanuel.com


        *Attorneys for Defendant and Counter-*
        *Plaintiff Express Scripts, Inc.*

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATION FOR PROTECTIVE ORDER**

I, _____, declare under penalty of perjury (this "Declaration") that:

1.      My address is _____

2.      My present employer is _____

3.      My present occupation or job description is _____

_____

4.      I hereby certify and agree that I have read and understand the terms of the Stipulation for Protective Order for Recipient of Third-Party Subpoena, Prime Therapeutics LLC (the "Prime Order") relating to this action between Anthem and ESI (the "Action"), as specified in the signature pages of the Prime Order.  All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Prime Order.  I further certify that I will not use or disclose Designated Material for any purpose other than this Action, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Prime Order to receive Designated Material.  I agree to be bound by the terms and conditions of the Prime Order.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work, all copies of any Designated Materials, and that I will carefully maintain such materials in a manner consistent with the Prime Order.  I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Prime Order.

2550281.v1

6.      I acknowledge and agree that I am aware that by receiving Designated Material (a) I may be receiving material non-public information about companies that issue securities, and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I understand and agree that all Confidential Health Information as defined in the Prime Order, is subject to state and federal statutory and regulatory privacy and security standards, including but not limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 ("HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 ("HIPAA Rules").   All Designated Material disclosed by Prime that contains Confidential Health Information shall be treated in accordance with those standards, as applicable.   Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

8.      By executing this Declaration, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information in connection with this case only for prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation.   I also agree that I will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent non-permitted use or disclosure of any Confidential Health Information I receive from any person in connection with this proceeding.

2550281.v1

9.      I understand that my failure to abide by the terms of the Prime Order entered in the Action will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

10.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Prime Order and freely and knowingly waive any right I may otherwise have to object to the Jurisdiction of this Court.

Date: _____                    _____

2550281.v1